IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES MATHIS RAPER, JR.                                                                                   PLAINTIFF

v.                                    Civil No. 4:21-cv-04050

THOMAS DEEN, Prosecuting Attorney;
GOVERNOR ASA HUTCHINSON; and
CIRCUIT JUDGE CREWS PURYEAR                                    DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff James M. Raper, Jr. ("Raper"), pursuant to 42 U.S.C. § 1983. Raper proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

This case was initially filed in the Eastern District of Arkansas and was transferred here by Order (ECF No. 3) entered on July 27, 2021. Raper was directed to file an Amended Complaint (ECF No. 6). His Amended Complaint (ECF No. 9) is now before the Court. Raper also filed an affidavit on August 30, 2021 (ECF No. 10).

In the Amended Complaint, Raper says he has been kidnapped and falsely imprisoned as a result of an alleged plea agreement he entered into in December of 2020 in Bradley County, Arkansas.[1] (ECF No. 9 at 4 & 6). Thomas Deen was the prosecuting attorney assigned to the criminal case. *Id.* Judge Puryear presided over the criminal case. *Id.* Raper maintains he did not enter into any such plea agreement. *Id.* In fact, he states that the document does not exist and is fictious. *Id.* at 4 & 7.

In his affidavit, however, Raper indicates he and his counsel did agree "to a 90 day revocation deal with [Prosecutor] Deen." (ECF No. 10 at 2-3). Raper maintains this agreement was broken when he was committed for a period of 180-days. *Id.* Raper asserts he never signed any agreement to serve 180-days. *Id.*

With respect to his official capacity claims, Raper maintains various loopholes are used in the judicial district to "get around the constitutional right to due process." *Id.* at 5. Raper asserts he has been charged with multiple felony violations which have ultimately been dismissed. *Id.* Raper says this is done to "trap a person" and violate their probation. *Id.* Raper asserts "[t]hey "don't even keep up with the dates." *Id.*

Raper alleges he was incarcerated in Drew County.[2] (ECF No. 9 at 4). Raper says that Prosecutor Deen and Judge Puryear were "directly involved" in having him placed in a torture chamber where he was subjected to unconstitutional conditions of confinement. *Id.* at 4-5; *see also* (ECF No. 10 at 3)(asserts he was tortured). Raper says he was bitten multiple times by brown

---

[1] The Amended Complaint does not state which county the criminal case was pending in. However, attached to the original complaint were documents from the criminal case in Bradley County. (ECF No. 2 at 6-10). Review of the criminal case file indicates Raper appeared before the Court on December 10, 2020, and entered a negotiated plea of guilty to a probation revocation charge and was sentenced to twelve months in a community corrections center and an additional fifty-nine months suspended imposition of sentence, *State v, Raper,* 06CR-17-023 REVO (Bradley County Circuit Court). https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=06CR-17-23&begin_date=&end_date= (accessed August 23, 2021). The Court may take judicial notice of public records. *See e.g., Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003).

[2] Drew County is located within the Central Division of the Eastern District of Arkansas.

recluse spiders and suffered physical injury as a result. (ECF No. 9 at 5). Raper indicates he has filed a civil rights action in the Eastern District of Arkansas about the "torture" he suffered.[3] *Id.* at 9. Raper is now incarcerated in the Southwest Arkansas Community Correction Center.

With respect to Governor Hutchinson, Raper alleges he has "been begging for his help for 5 years to look into my case showing him evidence of wrongdoing." (ECF No. 9 at 6). Raper says he has lost his business and suffered financial ruin "when all [Governor Hutchinson] had to do was just look at one document." *Id.*

Raper has sued the Defendants in both their individual and official capacities. (ECF No. 9 at 5 & 7). As relief, Raper seeks compensatory damages, a public apology, and to be immediately released. (ECF No. 9 at 8). He says he has been imprisoned for something he did not do and wants to go home. *Id.*

## II. APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

---

[3] Court records indicate Raper filed a civil rights action against the Drew County Sheriff Mark Gober and others on June 30, 2021. *Raper v. Gober, et al.,* Civil No. 4:21-cv-00595 (E.D. Ark. Central Div.).

3

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Prosecutorial Immunity

Immunity is a defense to an individual capacity claim. *Roach v. Stouffer,* 560 F.3d 860, 870 (8th Cir. 2009)("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities")(internal quotation marks and citation omitted). The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. §

1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof,* 891 F.3d 1083, 1089 (8th Cir. 2018)(cleaned up). The immunity extends to "a civil conspiracy charge when [the prosecutor's] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006)(citation omitted).

Raper has failed to allege Prosecutor Deen engaged in any conduct other than prosecutorial functions. "Whatever [Prosecutor Deen's] motives may have been . . . [his] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample,* 836 F.3d at 916. Accordingly, Prosecutor Deen is entitled to absolute immunity on the individual capacity claims against him. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### B. Judicial Immunity

Judge Puryear is the Circuit Judge who presided over the probation revocation charges brought against Raper in the Bradley County Circuit Court. Judges are generally immune from

individual capacity damages suits based on actions taken within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(citations omitted).

The only allegations Raper has made against Judge Puryear are related to the Bradley County criminal proceeding and the judgment entered in that case. Raper has made no allegations that Judge Puryear took any actions that were non-judicial or taken without jurisdiction. Raper's individual capacity claims against Judge Puryear fail as he is immune from suit.

### C. Sovereign Immunity

Raper's official capacity claims against Prosecutor Deen, Judge Puryear, and Governor Hutchinson are subject to dismissal. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, §20. Judges are also state officials. Ark. Const. amend. 80, § 17. By definition, Governor Hutchinson is a state official.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it

is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Prosecutor Deen, Judge Puryear, and Governor Hutchinson are therefore barred by the Eleventh Amendment.

### D. Personal Capacity Claim Against Governor Hutchinson

To the extent Raper attempts to assert an individual capacity claim against Governor Hutchinson, his claim fails. Liability under § 1983 requires personal involvement. *Frederick v. Motsinger,* 873 F.3d 641, 646 (8th Cir. 2017). A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.,* 436 U.S. 654, 694 (1978).

"To establish personal liability of [a supervisory defendant], [Raper] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional

rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). There is no allegation that Governor Hutchinson was involved in the decision to charge Raper with probation revocation, the imposition of the sentence against him, or in the decision of where Raper should serve his time. Therefore, "there can be no causal connection between any action [on Governor Hutchinson's part] and the alleged deprivation" of Raper's rights. *Kohl v. Casson,* 5 F.3d 1141, 1149 (8th Cir. 1993). At most, Governor Hutchinson's office failed to respond to Raper's letters in the manner he desired. *See e.g., Ezeani v. Dayton,* Case No. 15-3232, 2015 WL 9581318, *2 (D. Minn. Dec. 7, 2015("governor's ostensible failure to respond to [plaintiff's] complaints of mistreatment at the hands of state, city, and private actors is not enough to hold [him] liable under § 1983"). This does not state a plausible claim.

### E. Declaratory and Injunctive Relief

To the extent the Amended Complaint (ECF No. 9) seeks declaratory relief in the form of a public apology, the request is barred by sovereign immunity. The exception to Eleventh Amendment immunity created by the doctrine of *Ex Parte Young,* 209 U.S. 123, 155-56 (1908), which allows a party to seek prospective injunctive relief in federal court against state officials in their official capacities, does not apply to requests for declaratory relief establishing past violations of federal law. *Verizon Maryland, Inc., v. Public Serv. Comm'n of Maryland,* 535 U.S. 635, 646 (2002). Raper's claims for declaratory relief are also barred by the *Rooker-Feldman* doctrine which provides that, with the exception of *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923); *see also Mosby v. Ligon*, 418 F.3d 927, 931 (2005).[4]

---

[4] In his affidavit, Raper mentions an ongoing criminal case in Drew County involving the Defendants. Raper provides the following case number: 2020-21-1. The Court could locate no case by that number. However, there are three

Raper also seeks injunctive relief in the form of immediate release from the jail. The Supreme Court has held that a state prisoner may not use §1983 to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). A prisoner seeking either immediate release from prison or a shortening of his term of confinement must seek habeas relief instead. *Id.* Raper is therefore entitled to neither declaratory nor injunctive relief in this case.

### V. CONCLUSION

For the reasons stated above, I recommend the following:

(1) the personal capacity claims against Prosecutor Deen and Judge Puryear be dismissed on the grounds they are immune from suit;

(2) the personal capacity claims against Governor Hutchinson be dismissed for failure to state a claim;

(3) the official capacity claims against all Defendants be dismissed as they are barred by the Eleventh Amendment; and

(4). the claims for declaratory and injunctive relief be dismissed as they may not be pursued under § 1983 and/or are barred by the Eleventh Amendment.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

open criminal actions pending against Raper in Drew County at this time, *State v. Raper,* 22CR-21-20, *State v. Raper,* 22CR-21-21, and *State v. Raper,* 22CR18-100. To the extent he is attempting to add claims regarding these ongoing criminal cases, the *Rooker-Feldman* doctrine would likewise bar his challenge.

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      **IT IS SO ORDERED** this 10th day of September 2021.

                                                        /s/ Barry A. Bryant
                                                      HON. BARRY A. BRYANT
                                                      UNITED STATES MAGISTRATE JUDGE